William HUSTON, Plaintiff–Appellant,

v.

TIME WARNER ENTERTAINMENT, Advance/Newhouse Partnership d/b/a Time Warner Cable, Richard Parsons, CEO, AOL/Time Warner, Robert J. Miron, CEO, Advance Communications Corp., Jon Scott, President, Time Warner, David Whalen, Vice President, Time Warner Cable, Vestal N.Y. Division, Andrew Fleming, General Manager, Time Warner Cable, Vestal N.Y. Division, Defendants–Appellees.

No. 04–2282–CV.

United States Court of Appeals, Second Circuit.

March 31, 2005.

**529**

William Huston, Binghamton, New York., for Appellant, pro se.

Jonathan B. Fellows, Bond, Schoeneck & King, PLLC, Syracuse, New York., for Appellees.

PRESENT: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

Appellant William Huston ("Huston"), *pro se,* appeals from the judgment of the district court granting summary judgment in favor of the appellees Time Warner Entertainment, Advance/Newhouse Partnership *et al.* (collectively "Time Warner Cable") and dismissing, without leave to amend, his complaint alleging violations of the First and Fourteenth Amendments of the United States Constitution; section 531(e) of Title 47 of the U.S.Code; and various provisions of the New York State Constitution and New York law. We assume the parties' familiarity with the factual and procedural background of this case and the specification of appellate issues.

We review *de novo* a district court's grant of summary judgment. *See June v. Town of Westfield,* 370 F.3d 255, 257 (2d Cir.2004). Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* The district court dismissed Huston's First Amendment claim because Time Warner Cable was not a state actor. The district found that the rationale of this Court's decision in *Loce v. Time Warner Entertainment Advance/Newhouse Partnership,* 191 F.3d 256, 266–67 (2d Cir.1999), that a private operator of leased-access cable programming was not a state actor for First Amendment purposes, was equally applicable to an operator of public access programming. We decline to address this issue because, even assuming that Time Warner Cable is a state actor for First Amendment purposes in so far as it operates the public access channel, Huston does not allege a constitutional wrong. Huston admits that Time Warner Cable has not edited or refused to carry on the public access channel any of the programming he has produced; he complains only that he (like anyone else) would be charged for use of a private studio facility and personnel to produce live programming. This policy does not transgress the First Amendment. *See Gannett Satellite Info. Network, Inc. v. Metro. Transp. Auth.,* 745 F.2d 767, 774 (2d Cir.1984) ("[T]he First Amendment does not guarantee a right to the least expensive means of expression."). The district court also properly dismissed Huston's claim under 47 U.S.C. § 531(e). Section 531(e) precludes "the [cable] operator from attempting to determine the content of programming that is within the [specified public, educational, and governmental programming] categories." *Time Warner Cable of New York City v. Bloomberg L.P.,* 118 F.3d 917, 928 (2d Cir.1997). It is undisputed that there was no such content regulation here.

Because all of Huston's federal claims were properly dismissed, the district court's decision to not exercise supplemental jurisdiction over the pendent state law claims was not abusive of its discretion. *See Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir.2003). Nor was its denial of Huston's untimely and futile motion to amend his complaint. *See* Fed. R.Civ.P. 15, 16(b); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339–40 (2d Cir.2000). Except for Huston's contention

that Time Warner Cable is a state actor, which we have declined to address for the reasons already stated, we find Huston's remaining arguments to be without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.